## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KEVIN HEITING,                \*

                                   \*

                                   \*        Criminal Action No. 16-cr-434-PX

      v.                           \*        Civil Action No. 21-cv-525-PX

                                   \*

UNITED STATES OF AMERICA.     \*

                                   \*

                                   \*

                                   \*\*\*

## MEMORANDUM OPINION

Pending before the Court is Petitioner Kevin Heiting's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. ECF No. 205. Heiting also seeks court-appointed counsel (ECF No. 214), for the Court to recuse itself (ECF No. 221), and for a modification to his restitution order. ECF No. 222. The issues are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the motions are DENIED.

### I.    Background

On August 29, 2016, Heiting was federally charged with one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) & (b)(2). ECF No. 20. On November 28, 2016, the Government obtained a Superseding Indictment, which added one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and one count of transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1). ECF No. 36. And on January 18, 2017, the Government obtained a Second Superseding Indictment against Heiting, which charged him with one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) (Count 1); two counts of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) (Counts 2 & 5); one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) & (b)(2) (Count 3); one count of production of child

pornography in violation of 18 U.S.C. § 2251(a) (Count 4); and one count of transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) (Count 6).  ECF No. 51-1.

On February 3, 2017, Heiting pleaded guilty to distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2).  ECF No. 81.  He entered his plea pursuant to a written plea agreement governed by Federal Rule of Criminal Procedure 11(c)(1)(C).  Fed. R. Crim. P. 11(c)(1)(C); ECF No. 75.  Colloquially termed a "C-plea," an agreement submitted under this rule, if accepted, binds the court to impose a certain imprisonment term or sentence within a proposed range of imprisonment.  Fed. R. Crim. P. 11(c)(1)(C).  If a court rejects the plea agreement, it must give the defendant an opportunity to withdraw from the plea and go to trial. *Id.* at (c)(5).  Heiting's plea agreement recommended the Court bind itself to impose a prison term somewhere between 13 and 19 years, with all other aspects of his sentence left to the Court's discretion.  ECF No. 75 at 5.

At the guilty plea hearing, Heiting was represented by Assistant Federal Public Defenders ("AFPD") Douglas Miller and Laura Abelson.  ECF Nos. 22 & 32; *see also* ECF No. 75 at 10.  Under oath, Heiting confirmed that AFPDs Miller and Abelson had thoroughly reviewed with him the charge to which he was pleading guilty and the terms of his agreement. ECF No. 81 at 43:13–44:13.  Heiting also attested that he was not suffering from any mental or physical illness that affected his judgment; that he was not under the influence of drugs or alcohol; and that he had read and understood the agreement.  *Id.* at 4:24–5:10, 43:13–44:13. After a thorough discussion of the constitutional rights that Heiting waived upon entering his plea and assurances that he understood the same, the Court accepted Heiting's guilty plea.  *Id.* at 4:2–43:4, 46:3–19.  The Court deferred decision on whether it would accept the plea agreement. *See id.* at 26:14–16, 46:21–24.

While Heiting was pending sentencing, he moved to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B).  ECF No. 78; Fed. R. Crim. P. 11(d)(2)(B).  As grounds, Heiting argued that his plea was neither knowing nor voluntary because the day before his plea hearing he had intentionally driven his car into a utility pole, and at the hearing he was under the influence of painkillers.  *Id.* at 1–3.  The Court scheduled a hearing on the motion. ECF No. 79.

AFPDs Miller and Abelson next moved to withdraw as Heiting's counsel.  ECF No. 80. The Court granted the motion, and appointed Jennifer Wicks, Esq. to represent Heiting.  ECF Nos. 85 & 87.  Ms. Wicks supplemented the motion to withdraw, and arranged for Todd Christiansen, M.D. to evaluate Heiting for competency.  ECF No. 95.  Thereafter, Dr. Christiansen issued a written report and addendum in which he summarily opined that Heiting lacked the ability to enter a "knowing and voluntary" guilty plea.  ECF Nos. 114 & 119.

On August 30, 2017, the Court held the hearing on Heiting's withdrawal motion.  ECF No. 120.  Ms. Wicks pressed that Heiting's purported lack of competency stemmed from longstanding depression which manifested in Heiting having intentionally crashed his car into the utility pole.  ECF No. 134 at 38:4–40:9.  Ms. Wicks also called as a witness Heiting's former defense counsel, AFPD Abelson, to describe Heiting's disposition at his plea hearing.  In response to the Court's questions, AFPD Abelson testified that she and AFPD Miller were able to discuss with Heiting his decision to plead guilty and the terms of the agreement; and that Heiting seemed lucid, appeared to comprehend the agreement and its consequences, and clearly expressed his desire to plead guilty.  *See, e.g.*, *id.* at 62:13–69:1.  Ms. Wicks also called Dr. Christiansen who held steadfast to his findings.  He based his conclusions on a brief meeting with Heiting, one conversation with Heiting's mother, police reports, a few medical records, and

interviews with AFPDs Abelson and Miller.  *Id.* at 91:6–12, 95:8–96:20.  Dr. Christiansen

conceded, however, that he had not done any other collateral investigations, records review, or

any "psychological standardized testing measures" before forming his opinions.  *Id.* at 108–09.

At the end of the hearing, the Court ordered that Heiting undergo an independent

competency evaluation through the Bureau of Prisons ("BOP").  ECF No. 133; *see* 18 U.S.C. §§

4241(a), (b) & 4247 (b), (c).  Heiting spent several weeks in BOP custody for evaluation, after

which the BOP psychologist submitted a robust written evaluation, concluding that Heiting had

been competent at his guilty plea and was presently competent to proceed to sentencing.

Forensic Eval. at 13–16, 18–25; *see also* ECF No. 138 at 10–11.  Ultimately, the Court denied

Heiting's motion to withdraw his guilty plea and issued a written decision setting forth its

reasoning.  ECF No. 138.

Heiting next appeared for sentencing on April 8, 2018.  At the outset, Heiting told the

Court that he had consumed drugs and alcohol the night before.  ECF No. 176 at 14:18–15:6.

The Court immediately suspended the proceedings so that Heiting could submit to drug and

alcohol testing.  *Id.* at 17:3–11.  The testing revealed that Heiting had no such substances in his

system.  *Id.* at 26:22–27:4.  From this, the Court concluded that Heiting had lied to the Court

about his substance use.  *Id.* at 28:14–15.

When the hearing resumed, and after some discussion about Heiting's offense conduct,

the parties ultimately agreed that Heiting faced a recommended life sentence under the Advisory

Sentence Guidelines, but that Heiting could not be sentenced beyond the statutory maximum of

20 years applicable to the count of conviction.  *See* ECF No. 164 at 8, 19; ECF No. 176 at 43:11–

14, 44:3–12.  As to the agreed-upon imprisonment range set forth in the C-plea, the Court had

initially indicated it would accept the agreement.  ECF No. 176 at 28:16–29:2.  But because of

Heiting's subsequent conduct, to include moving to withdraw his guilty plea, his reluctance to accept responsibility, and his lying to the Court, the Government sought the statutory maximum prison term of 20 years with the understanding that if the Court sentenced Heiting to 20 years, Heiting could withdraw his plea. *Id.* at 36:17–39:24, 60:14–68:18, 70:1–6.

The Court, in turn, advised Heiting that it was inclined to agree with the Government and impose a sentence at or near the statutory maximum of 20 years. ECF No. 176 at 73:10–75:23. The Court also informed Heiting, in such circumstance, it would permit him to withdraw his guilty plea and go to trial. *Id.* The Court gave Heiting three days to consult with counsel as to whether he wished to withdraw his plea or proceed to sentencing with the knowledge that he may receive a sentence higher than the agreed-upon range. *Id.* at 74:21–75:23.

When the sentencing hearing resumed, the Court announced it would not accept the plea agreement because it was inclined to sentence Heiting above the agreed upon sentencing range. ECF No. 177 at 10:13–20. In light of that, the Court asked Heiting whether he wanted to withdraw his guilty plea. *Id.* at 10:19–23. Heiting declined to withdraw and instead elected to proceed to sentencing. *Id.* The Court sentenced Heiting to 20 years imprisonment, lifetime supervised release, and a $5,100 special assessment. *Id.* at 29:24–30:1, 33:5–23; ECF No. 181. The Court also set in a separate restitution hearing, ECF No. 177 at 38:1–3, 46:8–15, after which the Court imposed $25,500 in restitution to compensate twelve child victims. *See* ECF No. 182 at 5–6; ECF No. 181. The Court ordered the restitution to be paid immediately because Heiting possessed the financial resources to satisfy the obligation. ECF No. 176 at 39:4–41:2; ECF No. 181 at 6.

Heiting next appealed his conviction and sentence on several grounds. Relevant here, Heiting argued on appeal that the Court had erred in denying his motion to withdraw his guilty

plea based on his claimed incompetence.  ECF Nos. 160, 184; *see also* Brief for Appellant at 13–21, *United States v. Heiting*, 794 F. App'x 252 (4th Cir. 2019) (No. 18-4264).  The Fourth Circuit concluded that because the Court had given Heiting the opportunity to withdraw his guilty plea and he declined, Heiting waived any arguments on appeal as to the Court's initial denial of his withdrawal from the plea.  *See United States v. Heiting*, 794 F. App'x 252, 254 (4th Cir. 2019).

Heiting thereafter filed his pro se § 2255 motion.  ECF No. 205.  In it, Heiting contends that his conviction and sentence must be vacated because both sets of counsel rendered ineffective assistance.  *Id.* at 3–8.  He also argues that his conviction and sentence were unconstitutionally obtained because he was incompetent.  *Id.* at 8–15.  The Court considers each ground separately.

## II.     Section 2255 Motion

### A.     Standard of Review

It has "long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment."  *United States v. Addonizio*, 442 U.S. 178, 184 (1979).  To be eligible for relief under § 2255, a petitioner must show that his "(1) sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) [] the sentence was in excess of the maximum authorized by law, [or] (4) [] the sentence is otherwise subject to collateral attack."  *Hill v. United States*, 368 U.S. 424, 428 (1962) (quoting 28 U.S.C. § 2255(a)) (internal quotation marks omitted).  Claims that do not assert constitutional error or lack of jurisdiction are subject to a higher standard; and a petitioner cannot bring them "unless the error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Addonizio*,

442 U.S. at 184 (quoting *Hill*, 368 U.S. at 428).  The petitioner bears the burden of proving his entitlement to relief by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  "Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation."  *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

### B.      Ineffective Assistance of Counsel

Heiting first contends that his conviction should be vacated because his counsel rendered ineffective assistance.  As for AFPDs Miller and Abelson, Heiting faults them essentially for failing to raise with the Court his incompetency at the time he pleaded guilty.  ECF No. 205 at 3–5.  And Ms. Wicks, says Heiting, did not sufficiently rebut the BOP evaluator's conclusions as to Heiting's competence and tendency to malinger.  *Id.* at 5–7.

An ineffective assistance of counsel claim may be asserted for the first time in a § 2255 motion.  *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991).  To succeed, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that the petitioner suffered actual prejudice as a result.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A strong presumption exists that counsel's performance fell within a wide range of reasonably professional conduct; accordingly, courts remain highly deferential in scrutinizing counsel's performance.  *Id.* at 689.  Moreover, when no prejudice results from the claimed errors of counsel, the Court need not reach whether the attorney's performance was deficient.  *Id.* at 697.  A petitioner establishes prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

As to the ineffectiveness claims against the AFPDs, Heiting cherry picks from AFPD Abelson's testimony in an effort to show that the attorneys should have known he was suicidal and thus not competent to plead guilty. *See* ECF No. 205 at 3–4. A defendant is deemed incompetent if he is unable to assist counsel in mounting a defense or if he cannot understand the charges. *Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000) (quoting *United States ex rel. Foster v. DeRobertis*, 741 F.2d 1007, 1012 (7th Cir. 1984) (citation omitted)). Further, an incompetent defendant cannot knowingly, voluntarily, and intelligently waive important constitutional rights with an appreciation for the consequences of his guilty plea. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts . . . .")).

Although Heiting faults his counsel for failing to recognize that he was supposedly incompetent to plead guilty, nothing in the record supports this contention. Rather, AFPD Abelson testified that based on her many interactions with Heiting, he understood the charges, risks, and benefits of pleading guilty, and showed no outward signs of incompetency. *See* ECF No. 134 at 62:13–69:1, 70:5–19. That Heiting was depressed, and perhaps even suicidal, does not alone render him incompetent. *See Burket*, 208 F.3d at 192. Thus, without more, the Court cannot conclude that the AFPDs provided ineffective assistance at Heiting's guilty plea.

Nor can Heiting show any prejudice resulting from counsel's purported failure to raise the competency question. Indeed, at the time of his guilty plea and at subsequent hearings, the Court independently and thoroughly assessed Heiting's competence. ECF No. 81 at 4:2–43:4, 46:3–19; No. 134 at 57:7–72:16. Had the AFPDs questioned Heiting's competency, as Heiting contends they should have done, the Court would have engaged in the same searching inquiry

and arrived at the same results. *See id.* So any claimed error visited no prejudice on Heiting. Thus, the claims against the AFPDs must fail.

Next, Heiting faults Ms. Wicks for failing to challenge the BOP evaluation, particularly the findings that Heiting had shown signs of malingering. ECF No. 205 at 5; *see also* Forensic Eval. This, says Heiting, led to the Court's denial of his motion to withdraw, and thus prejudiced him. ECF No. 205 at 5. But for the same reasons this argument wholly fails. Even if Ms. Wicks did not challenge the forensic evaluation as vigorously as Heiting would have liked (a groundless accusation in any event), Heiting suffered no prejudice. *See Strickland*, 466 U.S. at 697.

Last, Heiting contends Ms. Wicks was ineffective because she did not argue forcefully that he was incompetent and did not provide Heiting's own "rebuttal" to the BOP's forensic evaluation report to the Court. ECF No. 205 at 6; *see also* ECF No. 205-1; Forensic Eval. This error, says Heiting, led to the Court erroneously sentencing him while he was incompetent. ECF No. 205 at 5. Given this standard, Ms. Wicks' decision not to attach Heiting's "rebuttal" amounts to little more than good defense strategy. If anything, the report reflects that Heiting capably understood the proceedings and assisted his counsel in his own defense. *See* ECF No. 205-1. Ms. Wicks, therefore, cannot be faulted for not appending a report that would have undermined Heiting's very claims. Alternatively, Heiting suffered no prejudice resulting from the claimed error. Heiting's rebuttal to the report would not have altered the Court's competency determination. *See id.*; *see, e.g.*, ECF No. 176 at 26:22–27:4. Heiting's ineffective assistance of counsel claims therefore fail.

## C.     Asserted Lack of Competency at Guilty Plea and Sentencing

Heiting next pivots from attacking his prior counsel to resurrect his contention that he was not competent to plead guilty or proceed to sentencing. ECF No. 205 at 8; *see Raines v.*

9

*United States*, 423 F.2d 526, 529 (4th Cir. 1970) (citing *Machibroda v. United States*, 368 U.S. 487 (1962)).  A defendant may collaterally attack the constitutionality of his guilty plea on competency grounds.  *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13 (2005); *see also McNair v. United States*, No. CCB-11-1902, 2014 WL 645360, at *3 (D. Md. Feb. 18, 2014).  But, because Heiting fronted this very argument on direct appeal, he is likely barred from pursuing the claim now.  *United States v. Caro*, 733 F. App'x. 651, 652 (4th Cir. 2018); *see also Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

However, even if the claim is not procedurally barred, it fails on the merits.  The plea hearing makes plain that Heiting was fully competent to enter his guilty plea.  *See* ECF No. 81 at 4:2–43:4, 46:3–19.  Heiting demonstrated through his words and actions that he understood the nature of the charge to which he was pleading guilty and the consequences of his plea.  *See id.* And when subsequent questions were raised about his competence, the Court sought an independent evaluation and found that Heiting certainly understood the nature of the proceedings and could assist in his own defense.  *See* ECF Nos. 133, 134 & 175.  Accordingly, no basis exists to vacate his conviction on competency grounds.

Heiting lastly claims that his sentence must be vacated because he was incompetent at the proceedings.  ECF No. 205 at 15.  The Government rightly responds that the claim is procedurally defaulted because Heiting failed to raise this argument on direct appeal.  ECF No. 213 at 28.  Heiting seems to suggest otherwise, *see* ECF No. 205 at 15, but nothing in the appellate proceedings supports that contention.  *See* Brief for Appellant, *supra*; *Heiting*, 794 F. App'x at 253.

A claim is procedurally defaulted when the movant fails to raise the claim on direct appeal.  *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999); *see also Martin v.*

*United States*, No. RDB-15-0111, 2018 WL 3579855, *2 (D. Md. July 25, 2018). Procedural default may be excused where the petitioner shows "cause and actual prejudice resulting from the errors of which he complains," or "actual innocence by clear and convincing evidence." *Mikalajunas*, 186 F.3d at 492–93. Cause for a procedural default "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Id.* at 493; *see also Turner v. Jabe*, 58 F.3d 924, 927–28 (4th Cir. 1995) (intervening change in law could provide cause for a § 2255 claim). As for prejudice, the petitioner must show that the error worked to his "actual and substantial disadvantage." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Because Heiting failed to raise this argument on direct appeal, it is procedurally defaulted. Further, he has not established cause or prejudice for this failure. Heiting's bare contention that he lacked legal acumen is not sufficient "cause," *see* ECF No. 205 at 15, especially because Heiting was represented by counsel at the time. And Heiting's assertion that he had untreated mental health diagnoses at the time of sentencing is similarly inadequate because he fails to explain why he could not have raised this argument on appeal. *See id.*

Because Heiting fails to show cause, the Court need not reach whether he suffered prejudice. *See United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010). But, regardless, he cannot make such a showing. The Court found Heiting competent to be sentenced after employing several procedural safeguards: the Court had him evaluated by the BOP, which determined he was competent to proceed to sentencing, *see* Forensic Eval. at 13–16, 18–25, and at the sentencing hearing, the Court suspended all proceedings so Heiting could be tested for any substance that might impair his ability to understand the proceedings, *see* ECF No. 176 at 17:3–11. Thus, even taking into account Heiting's alleged lack of legal expertise and newly treated

mental health diagnoses, Heiting cannot show prejudice because he was competent at the time he was sentenced.

Heiting also cannot demonstrate his actual innocence.  Rather, he attested under oath to a robust factual predicate which amply supported his guilt.  ECF No. 81 at 38:8–43:3; *see also* ECF No. 75-1.  His self-serving, empty contentions to the contrary do not amount to actual innocence.  *See* ECF No. 218 at 5.  This claim, therefore, will not proceed.

### D.    Certificate of Appealability

In the end, Heiting has offered no good grounds to grant his requested relief under § 2255.  Thus, the motion is denied entirely.  Furthermore, the Court will not issue a certificate of appealability.  *See* Rule 11(a) of the Federal Rules Governing § 2255 Proceedings; *see also United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  The certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Or where relief is denied "on procedural grounds," such as procedural default, "the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right."  *United States v. Navarro*, No. 21-6994, 2022 WL 3278888, at *1 (4th Cir. Aug. 11, 2022) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (citation omitted)).  Heiting has not made either showing.  That said, Heiting may request that the Fourth Circuit issue the certificate.

The Court next turns to Heiting's other motions.

### III.    Remaining Motions

Heiting moves for appointment of counsel to pursue his § 2255 motion.  ECF No. 214.[1] The Court may appoint counsel "for any financially eligible person" if "the interests of justice so require," 18 U.S.C. § 3006A(a)(2), to include when counsel is "necessary for effective discovery," or to represent petitioner at an evidentiary hearing.  *See* Rules 6(a) & Rule 8(c) of the Federal Rules Governing § 2255 Proceedings; *see also United States v. Riley*, 21 F. App'x 139, 141–42 (4th Cir. 2001).   Because no such proceedings are warranted, the motion is denied.

Heiting also asks the Court to suspend his restitution payment while he is incarcerated. ECF No. 221.  The Court construes this request as a motion to modify restitution payments because of changed financial circumstances.  *See* 18 U.S.C. § 3664(o).  Restitution payments may be modified to accommodate "a 'material [change] in the defendant's economic circumstances that might affect the defendant's ability to pay.'"  *United States v. Bratton-Bey*, 564 F. App'x 28, 29 (4th Cir. 2014) (quoting 18 U.S.C. § 3664(k)).  The court previously ordered restitution to be paid immediately because the uncontroverted record supported that Heiting had sufficient liquid assets to pay the freight.  *See* 18 U.S.C. § 3664(f)(1)(A) & (f)(2); ECF No. 6; ECF No. 164 at 15; ECF No. 185 at 40:21–41:2.  Specifically, the Amended Presentence Report concluded that Heiting had several thousand dollars in a personal checking account and was the co-owner of a family corporation that held rental properties.  ECF No. 164 at 15.  Heiting also had disclosed that he had far more cash on hand at the time he first appeared in Court.[2]  ECF No. 6.  Moreover, Heiting has not provided any evidence to contradict this demonstrated financial ability to satisfy restitution, *see* ECF No. 221, and incarceration alone

---

[1] Heiting's request for additional time to reply to the Government's response is granted nunc pro tunc.  ECF No. 214.

[2] Despite Heiting's resources, the Court originally appointed the Federal Public Defender to represent him but noted that he may be subject to an eventual contribution order.  ECF No. 6.  The Court ultimately did not order contribution toward court-appointed counsel.

does not allow the inference that he no longer has sufficient assets available to satisfy the judgment.  *See* § 3664(k); *Bratton-Bey*, 564 F. App'x at 29.  Thus, the motion is denied.

Heiting lastly moves for this Court to recuse itself from his case.  As grounds, Heiting reiterates that he had been "clearly incompetent" at prior proceedings and the Court's failure to recognize as much warrants the requested relief.  ECF No. 222.  A federal judge must recuse herself if "a person with knowledge of the relevant facts might reasonably question [her] impartiality."  28 U.S.C. § 455(a); *see United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).  Whether a Court should recuse herself turns on "whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial."  *Id.* (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (citation omitted)).

But a judge need not recuse herself based on "unsupported, irrational or highly tenuous speculation" as to her impartiality.  *Id.* (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir.1998) (internal quotation marks omitted)).  The grounds for recusal must be well justified, not merely a "brushback pitch for litigants to hurl at judges who do not rule in their favor."  *Belue v. Leventhal*, 640 F.3d 567, 574 (4th Cir. 2011).  Heiting's motion, however, amounts to little else; he seeks recusal because he does not like the Court's prior decisions.  *See* ECF No. 222.  Heiting's disagreement with the Court does not justify the request.  *See Belue*, 640 F.3d at 574.  Thus, the motion is denied.

## IV.   Conclusion

For the foregoing reasons, Heiting's motions are denied.  A separate Order follows.

April 12, 2024 _____                    /s/ _____
Date                                              Paula Xinis
                                                  United States District Judge

14